# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER F. STURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-352-KEW |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Christopher F. Stura (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 52 years old at the time of the ALJ's decision.

Claimant obtained his GED and training as a truck driver. Claimant has worked in the past as a dishwasher and roof laborer. Claimant alleges an inability to work beginning September 1, 2008 due to limitations resulting from anxiety and bipolar disorder.

**Procedural History**

On June 17, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on June 22, 2010, he filed for Supplemental Security Income under Title XVI (42 U.S.C. § 1381 *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision on May 13, 2013. On appeal, the decision was reversed and the case was remanded for further proceedings by this Court in an Opinion and Order entered March 30, 2016.

On remand, ALJ John W. Belcher conducted an additional administrative hearing on March 29, 2017 in Tulsa, Oklahoma. On April 16, 2017, the ALJ issued a second unfavorable decision. On August 22, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981,

416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) violating agency policy at step four by failing to fulfill the required analysis; and (2) finding that Claimant's RFC met the requirements of Claimant's past relevant work under the *Dictionary of Occupational Titles* ("DOT").

**Step Four Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of depression, anxiety, and borderling personality disorder. (Tr. 591). The ALJ concluded Claimant could perform a full range of work at all exertional levels but with the non-exertional limitations of the ability to do simple and routine tasks. He is limited to superficial contact with co-workers and supervisors with no close proximity to co-workers. Claimant should avoid contact with the public and there should be

5

clear, concrete, and simple instructions. (Tr. 593).

After consulting with a vocational expert, the ALJ concluded Claimant was capable of performing his past relevant work as a dishwasher or lawn care worker. (Tr. 602). As a result, the ALJ concluded Claimant was not under a disability from September 1, 2008 through the date of the decision. Id.

Claimant contends the ALJ failed to follow the test required under step four reflected in the case of Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). Specifically, Claimant states that the ALJ should have included limitations for a mild to moderate impairment to his grip strength bilaterally, his mild bilateral impairment to his motor speed and control, his moderate limitation in his ability to perform within a schedule and at a consistent pace, and his moderate limitation in his ability to sustain an ordinary work routine without special supervision in both the RFC and the hypothetical questions posed to the vocational expert.

Winfrey requires an analysis of Claimant's RFC, the demands of Claimant's past relevant work, and whether Claimant can perform his past relevant work in light of the limitations in the RFC. Id. at 1023. Claimant is essentially challenging the adequacy of

6

the ALJ's RFC assessment in contending that additional limitations should have been found in the first phase. He primarily relies upon the report of Dr. Larry Vaught for establishing these additional limitations. On August 16, 2012, Claimant underwent a mental evaluation by Dr. Larry Vaught. Dr. Vaught diagnosed Claimant with Bipolar II Disorder, Anxiety Disorder, NOS, and Intermittent Explosive Disorder. (Tr. 548). He administered the WAIS-III test and found Claimant obtained a Verbal IQ of 89, a Performance IQ of 80, and a Full Scale IQ of 84, placing him in the low average range. (Tr. 545). Dr. Vaught also completed a medical source statement. He determined Claimant was markedly limited in the area of interacting appropriately with the public. He also found Claimant was moderately limited in the functional areas of understanding and remembering complex instructions; carrying out complex instructions; interacting appropriately with supervisors and co-workers; and responding appropriately to usual work situations and to changes in a routine work setting. He concluded that Claimant "is anxious in public. He has anger issues and can 'explode.'" (Tr. 540-41).

The additional physical restrictions appear in Dr. Vaught's testing where he found in response to the Finger Oscillation Test,

7

which professes to be a measure of motor speed and control, Claimant had a "mild impairment bilaterally." Later in an Interrogatory to Consultative Examiner, Dr. Vaught states that the Finger Oscillation Test "measures fine motor skills in the upper extremities (speed and control)". (Tr. 550). In response to the Hand Dynamometer test, which is a measure of grip strength, Claimant obtained a "mild to moderate impairment" bilaterally. (Tr. 547).

The ALJ acknowledged the results of Dr. Vaught's Finger Oscillation Test but did not reference the Hand Dynamometer Test. (Tr. 599). After acknowledging the first test, he did not make mention of the results of their effects upon the RFC in the decision. Indeed, his questioning of the vocational expert included a condition that "[t]his person has no physical limitations." (Tr. 617). "[T]he ALJ is required to consider the effects of all of Plaintiff's medically determinable impairments, without regard to whether they individually meet the severity standard, when formulating the RFC." Maiorano v. Astrue, 930 F. Supp. 2d 1240, 1248 (D. Colo. 2013) citing 20 C.F.R. § 404.1545(a)(2). There is no evidence in the decision that the ALJ considered the effects of the unchallenged impairment in motor

8

skills and grip strength revealed through objective testing. This omission does not represent harmless error since the dishwasher job (DOT #318.687-010) requires constant handling and occasional fingering and the lawn care worker job (DOT #408.687-014) requires frequent handling and fingering as well as the use of tools such as rakes, hammers, wheelbarrows, and nails. On remand, the ALJ shall evaluate the results of Dr. Vaught's grip and motor skills testing and consider the results in the formulation of the RFC.

**Vocational Questioning**

Claimant also contends that the ALJ gave the vocational expert certain mental limitations in the hypothetical questioning which were not included in the RFC. At the hearing, the ALJ's hypothetical question included a person "limited to simple and routine tasks and some complex tasks, allowing for semi skilled work" along with other conditions and limitations could return to Claimant's past relevant work. (Tr. 617). This question clearly exceeds Claimant's RFC.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.

9

1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489.

While the reference to semi-skilled work might constitute harmless error since no job identified by the vocational expert or the ALJ exceeded unskilled work, on remand, the ALJ shall reformulate the questioning posed to the vocational expert to accurately mirror the RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

IT IS SO ORDERED this 31st day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE